IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:23CR66** |
| v. | |
| ESTEFAN BERNARDINO CHAVEZ, | **ORDER ON**<br>**INITIAL REVIEW** |
| Defendant. | |

This matter is before the Court on defendant Estefan Bernardino Chavez's ("Chavez") *pro se* "2255: Motion to Set Aside, Correct, Vacate Sentence" (Filing No. 93-1). *See* 28 U.S.C. § 2255. In a one-paragraph motion, Chavez asks "the court to vacate the sentence imposed 12 June 2024 on the grounds of ineffective assistance of counsel." He also asks the Court to appoint new counsel to assist him as he "is unable to afford legal representation." He does not say much more.

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must promptly review Chavez's § 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.* Otherwise, the Court must order the United States Attorney to respond to the motion or "take other action the judge may order." *Id.*; *see also* 28 U.S.C. § 2255(b).

Although Chavez's motion is short, neither it nor the record in this case plainly demonstrates that he "is not entitled to relief" on his ineffective-assistance claim. At the same time, its brevity precludes any meaningful response from the government or substantive analysis from this Court. To remedy that, the Court will grant Chavez leave to either more fully explain the basis for his ineffective-assistance claim or amend his motion. The Court warns Chavez that either way, his submission should be thorough because he

normally gets only one shot. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (clarifying that after a prisoner files a § 2255 motion, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions"); 28 U.S.C. §§ 2244, 2255(h); *United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1 (D. Neb. Oct. 4, 2012) (cautioning the defendant "to include all of his claims for post-conviction relief in a single motion").

To be clear, that does not mean Chavez's motion is timely, procedurally valid, or presents any valid grounds for relief under § 2255. Those questions will all come later, depending on what he files and how the government responds.

As for Chavez's request for counsel, a prisoner seeking relief under § 2255 has no statutory or constitutional right to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (reiterating "the right to appointed counsel extends to the first appeal of right, and no further"); *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) ("[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings."). Of course, the Court can appoint counsel for an indigent prisoner if the interests of justice require it. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B).

But at this point, the Court sees no compelling reason to do that in this case based on Chavez's conclusory ineffective-assistance claim. *See Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021) (directing district courts exercising their discretion to "consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors" (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994))). The Court will revisit the issue if it determines it is necessary to fairly and properly decide Chavez's motion. *See* Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts; *cf. Hoggard*, 29 F.3d at 471 ("The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition.").

In light of the foregoing,

IT IS ORDERED:

1.    Defendant Estefan Bernardino Chavez is granted leave to either file a brief in support of his current § 2255 motion (Filing No. 93-1) or amend the motion on or before May 5, 2025.

2.    The government shall then respond to his motion within thirty days of filing.

3.    If Chavez takes no further action on his motion in the time allowed, the Court will rule on his request for post-conviction relief as is without further notice.

4.    The Clerk of Court is directed to send a copy of this order and the proper form for filing a § 2255 motion to Chavez at his address of record.

5.    Chavez's request for the appointment of counsel is denied.

Dated this 6th day of March 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge