IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:23CR66** |
| v. | |
| ESTEFAN BERNARDINO CHAVEZ, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on the government's restricted Motion to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in Defendant's Motion under 28 U.S.C. § 2255 (Filing No. 102). Neither party opposes the other's motion.

As grounds for sentencing relief under § 2255, Estefan Bernardino Chavez ("Chavez") alleges (Filing No. 93) his Assistant Federal Public Defender, Kelly M. Steenbock ("Steenbock"), was ineffective in representing him. *See generally Strickland v. Washington*, 466 U.S. 668, 687 (1984). To rebut Chavez's allegations, the government seeks to communicate directly with Steenbock about her representation of Chavez and obtain an affidavit allowing her to respond to the accusations against her.

The government notes the Eighth Circuit has determined that a defendant who voluntarily discloses confidential attorney-client communications or places his counsel's advice at issue waives the attorney-client privilege. *See United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."). Put simply, a defendant cannot "use attorney-client

privilege 'as both a shield and a sword.'" *Davis*, 583 F.3d at 1090 (quoting *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998)).

Despite that pithy and vivid idiom, the government also outlines some concerns at the margins. Pointing to Formal Opinion 10-456 from the American Bar Association's Standing Committee on Ethics and Professional Responsibility,[1] the government questions whether a former attorney can ethically "disclose information pertaining to a former client's ineffective assistance claims outside of formal, court-supervised proceedings, such as depositions and hearings." It asks for a formal "Order finding Chavez has waived his attorney-client privilege and allowing [Steenbock] to provide an affidavit and to communicate with the [government] for the limited purpose of addressing all pertinent information that is necessary to fairly respond to Chavez's Motion."

After careful review, the Court finds Chavez has waived his attorney-client privilege with respect to those privileged communications and other aspects of his counsel's representation that he placed in issue by claiming specific acts of ineffective assistance of counsel in his § 2255 motion. *See Tasby*, 504 F.2d at 336 ("When a client calls into public question the competence of his attorney, the privilege is waived."). That waiver is not necessarily limited to formal court proceedings like a hearing or deposition, *see United States v. Rootes*, No. CR 18-312, 2021 WL 5235136, at *4 (D. Minn. Nov. 10, 2021) (allowing counsel to provide "otherwise privileged information to the Government in an affidavit to address the claims made by Defendant and in testimony at an evidentiary hearing"), but neither is it unlimited, *see Jones*, 2012 WL 484663, at *2 (striving for balance); *cf. also Davis*, 583 F.3d at 1090 (discussing the specific extent of the defendant's waiver). Counsel always retains their duty to decide what reasonably falls within the proper scope of a defendant's privilege waiver and should feel free to reach out to the Court

---

[1]Judge E. Richard Webber has noted "ABA Formal Opinions are not binding on the Court" but can raise important ethical issues for the courts and counsel to consider. *Jones v. United States*, No. 4:11CV00702 ERW, 2012 WL 484663, at *2 (E.D. Mo. Feb. 14, 2012).

for guidance in making close calls. *See id.*; *Crusoe v. United States*, No. C10-0002-LRR, 2012 WL 877018, at *2 n.2 (N.D. Iowa Mar. 15, 2012) (describing reasonable steps counsel can take if they conclude they "cannot comply with [a court] order without violating an attorney-client privilege or if counsel concludes that [they] cannot reasonably determine the scope of the waiver of the attorney-client privilege"). With that,

IT IS ORDERED:

1.    The government's Motion to Confirm Waiver of Attorney-Client Privilege as to Issues Raised in Defendant's Motion under 28 U.S.C. § 2255 (Filing No. 102) is granted.

2.    The government is directed to provide a copy of this Memorandum and Order to Kelly M. Steenbock.

3.    The government shall file a response to Chavez's § 2255 motion on or before August 28, 2025.

5.    The Clerk of Court is directed to mail a copy of this Memorandum and Order to Chavez at his address of record.

Dated this 21st day of July 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3