IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23CR66 |
| v. | |
| ESTEFAN BERNARDINO CHAVEZ, | MEMORANDUM AND ORDER |
| Defendant. | |

On February 16, 2024, defendant Estefan Bernardino Chavez ("Chavez") pleaded guilty pursuant to a written plea agreement (Filing No. 48) to one count of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e), as charged in the Superseding Indictment (Filing No. 32). As part of the plea agreement, the government agreed to move to dismiss a second count charging him with distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). The government and the Lancaster County Attorney's Office, Lancaster County, Nebraska also agreed not to prosecute Chavez "for any other crimes disclosed by the discovery material delivered to" his counsel.

On June 6, 2024, the Court accepted Chavez's plea agreement and sentenced him to the statutory maximum 360 months imprisonment, to be followed by 15 years of supervised release. *See* 18 U.S.C. § 2251(e). On the government's motion, the Court dismissed the distribution count.

Chavez originally appealed (Filing No. 73), but later moved to dismiss his appeal, stating that having "had time to consider the merits of his appeal" he had determined with the help of his appointed counsel that "a direct appeal would be meritless and [would] jeopardize agreements made with the government pursuant to his plea agreement." The Eighth Circuit granted Chavez's motion and dismissed his appeal in accordance with Federal Rule of Appellate Procedure 42(b) (Filing No. 84).

Now before the Court is Chavez's *pro se* "2255: Motion to Set Aside, Correct, Vacate Sentence" (Filing No. 93-1). *See* 28 U.S.C. § 2255. On initial review (Filing No. 95), the Court determined Chavez's one-paragraph motion was insufficient to colorably support his one-sentence claim of ineffective assistance of counsel or to justify appointing counsel to assist him. *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B). To facilitate meaningful review of his claim, the Court granted him "leave to either more fully explain the basis for his ineffective-assistance claim or amend his motion." The Court also warned "Chavez that either way, his submission should be thorough because" a prisoner generally only gets one shot under § 2255. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (clarifying that after a prisoner files a § 2255 motion, "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions"); 28 U.S.C. §§ 2244, 2255(h); *United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1 (D. Neb. Oct. 4, 2012) (cautioning the defendant "to include all of his claims for post-conviction relief in a single motion").

On April 30, 2025, Chavez requested additional time to prepare his response because of the difficulties he was having due to his incarceration (Filing No. 96). He alternatively provided additional information about his ineffective-assistance claims. The Court granted his request for additional time, giving him until June 5, 2025, while "advising him that no further extensions would be granted" (Filing No. 97). The Court also reminded Chavez that if he did not supplement his § 2255 motion within the time allowed, the Court would review his motion as submitted.

On June 25, 2025, the Court noted Chavez had not filed any additional materials and decided to resolve his § 2255 motion based on "his original motion (Filing No. 93-1) and the additional briefing he provided in support of his request for an extension (Filing No. 96)." The Court ordered the government to respond to Chavez's supplemented motion, which it did, urging the Court to deny (Filing No. 107). The matter is now fully briefed.

Section 2255(a) permits federal prisoners to seek post-conviction relief in certain "circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." *Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) (quoting *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019)); *see also Meirovitz v. United States*, 688 F.3d 369, 370 (8th Cir. 2012); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). If he can prove them, Chavez's claims that his counsel provided ineffective assistance could fit the bill. *See* U.S. Const. amend. VI (guaranteeing the right to counsel); *Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[T]he right to counsel is the right to the effective assistance of counsel." (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970))).

But proving ineffective assistance is not easy. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (describing the defendant's heavy burden to prove ineffective assistance under § 2255). To obtain relief, Chavez must show not only that his counsel's performance was "deficient"—that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"—but also that his counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011) (quoting *Strickland*, 466 U.S. at 694).

In evaluating allegations of deficiency, the Court indulges "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. It also makes "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Applying those highly deferential standards here, the Court finds Chavez has not met his burden of showing deficiency, let alone that his counsel's alleged errors altered the

outcome of his case. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Upon examination, Chavez's allegations are either belied by the record or insufficient to sustain a claim even if the Court accepts them as true. *See Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000) ("A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory.").

To start, Chavez alleges his counsel misrepresented "both the crime [he] was alleged as well as the possible penalties of such." That allegation directly contradicts his sworn responses to the Court at his change-of-plea hearing on February 16, 2024. Regardless, the Court specifically discussed with Chavez at that hearing the crime to which he was pleading guilty and the possible penalties he faced, including the fifteen-year statutory mandatory minimum and the thirty-year statutory maximum. *See* 18 U.S.C. § 2251(e). They were also accurately documented in his petition to plead guilty (Filing No. 47) and plea agreement—both of which he reviewed and signed. Chavez affirmatively stated he fully understood his circumstances before knowingly and voluntarily pleading guilty. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) ("[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977))). Any lingering confusion he had on that score is not attributable to his esteemed counsel.

Chavez next contends his counsel refused "to submit exonerating evidence in this case that he firmly believes would have led "any reasonable jury" to find him "innocent." Beyond a single reference to subpoenaing "records that could correlate [his] physical location to a different address at the time of the crime," Chavez does not say what that purported "exonerating evidence" might be. *See Hudson v. United States*, 139 F.4th 1011,

4

1014-15 (8th Cir. 2025) (explaining "[c]onclusory allegations . . . without factual support do not justify an evidentiary hearing"); *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (concluding the defendant failed to show his counsel was ineffective where he "made no showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result").

Chavez's unidentified exculpatory evidence would have to be awfully good to overcome the government's strong evidence that Chavez was a predator that recorded himself sexually abusing his own five-year-old daughter and tried to distribute it on the dark web to obtain access to similar exploitative material (Filing Nos. 48, 65, 71, 92, 100). *See Strickland*, 466 U.S. at 695 ("An assessment of the likelihood of a result more favorable to the defendant must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like."); *cf. Purkey v. United States*, 729 F.3d 860, 868 (8th Cir. 2013) (concluding based on the heinous nature of the crimes of conviction and the overwhelming evidence of aggravating factors, "that it is not substantially likely that the jury would have returned a different sentence had [the defendant's] proffered evidence been presented to it").

In the same vein, Chavez vaguely complains his counsel "did not represent [his] best interests nor work towards any course that [he] had asked of her," telling him his "limited options were to plead to this crime 'regardless of innocence or guilt' or 'die in prison.'" But he again does not specifically identify any better course he thinks his counsel should have taken or explain how she could have realistically expanded his limited options under the circumstances. *See Voytik*, 778 F.2d at 1308 (requiring more than "conclusory allegations unsupported by specifics" (quoting *Blackledge*, 431 U.S. at 73)). Indeed, he is not even willing to *say* "he would not have pleaded guilty and would have insisted on going to trial" on all of the very serious charges against him but for his counsel's errors. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (requiring him to *show* a reasonable probability of just that to obtain relief).

Chavez cannot blame his counsel for a difficult situation he made. *See Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (finding no ineffective assistance or prejudice where counsel conducted "an objectively prudent plea negotiation" and got the defendant "a good deal"). His counsel's alleged advice about his limited options—though stark—was not, "in light of all the circumstances, . . . outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); *Hyles v. United States*, 754 F.3d 530, 535 (8th Cir. 2014) (concluding reasonable advice was not deficient). Quite the opposite, his counsel might have been ineffective if she had not frankly painted an accurate picture of Chavez's dire circumstances.

The same is true for Chavez's allegations that his counsel (1) denied him the opportunity to speak to a probation officer before sentencing, (2) led him to believe his interests were best served by letting her speak for him in Court (aside from his allocution), and (3) withdrawing an objection at sentencing. Chavez again fails to show that his counsel's strategic decisions were deficient. *See Jackson v. United States*, 956 F.3d 1001, 1007 (8th Cir. 2020) (recognizing "strategic choices made after investigation are virtually unchallengeable"); *Hyles*, 754 F.3d at 535 ("This court does not 'second-guess strategic decisions or exploit the benefits of hindsight.'" (quoting *Osborne v. Purkett*, 411 F.3d 911, 918 (8th Cir. 2005))). But even if he could, he cannot show that they somehow deprived him of a fair sentencing. *See Lockhart v. Fretwell*, 506 U.S. 364, 370 (1993) ("The touchstone of an ineffective-assistance claim is the fairness of the adversary proceeding.").

All of that leaves just one question—whether to issue a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (explaining "a prisoner who was denied habeas relief in the district court must first seek and obtain a" certificate of appealability before he can appeal); 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). To obtain a certificate, Chavez must make "a substantial showing of the denial of" his Sixth

Amendment right to counsel. 28 U.S.C. § 2253(c)(2). He can do that "by demonstrating that jurists of reason could disagree with the" Court's denial of his ineffective-assistance "claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. Because the Court finds Chavez has not made the requisite showing, it will not issue a certificate of appealability.

In light of the foregoing,

IT IS ORDERED:

1. Defendant Estefan Bernardino Chavez's *pro se* "2255: Motion to Set Aside, Correct, Vacate Sentence" (Filing No. 93-1) is denied without an evidentiary hearing.
2. The Court will not grant a certificate of appealability.
3. A separate judgment will issue.
4. The Clerk of Court is directed to mail a copy of this Memorandum and Order and the Judgment to Chavez at his address of record.

Dated this 26th day of September 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge